

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ALBERTO PEAKE, #352353,

    Petitioner,

v.                                   CIVIL ACTION NO. 2:08cv606

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Alberto Peake ("Peake"), was convicted by a jury in the Circuit Court for the City of Norfolk, Virginia, on July 1, 2005, of first degree murder, aggravated malicious wounding, and

two counts of use of a firearm during the commission of a felony. Peake was sentenced to serve a total of 48 years in prison, as reflected in the Circuit Court's Sentencing Order of October 21, 2005.

On October 31, 2005, Peake filed an appeal with the Court of Appeals of Virginia. The appeal was denied in a per curium opinion on May 17, 2006.[1]

Peake filed a petition for appeal with the Supreme Court of Virginia, which was received on September 23, 2006 and denied on December 20, 2006.[2] Peake neither filed a writ of certiorari with the United States Supreme Court nor filed a petition for writ of habeas corpus in any state court.

On December 18, 2008, while in the custody of the Virginia Department of Corrections, Peake executed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court. On January 20, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J). Petitioner filed a Memorandum

---

[1]Peake presented two questions to the Court of Appeals, namely: did the trial court err in granting the Commonwealth's motion to disqualify attorney James O. Broccoletti from representing Peake on account of an alleged conflict of interest; and was the evidence insufficient as a matter of law to prove beyond a reasonable doubt that Peake committed first degree murder and aggravated malicious wounding.

[2]The issues appealed to the Virginia Supreme Court were the same as raised before the Court of Appeals.

in Opposition to the Motion to Dismiss on January 26, 2009. Respondent filed his reply on February 4, 2009.

### B. Grounds Alleged

Peake now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(a) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his counsel failed to subpoena a witness who would have disputed a Commonwealth's witness's testimony;

(b) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his trial counsel failed to subpoena a witness to testify as to the weather conditions on the day in question to challenge the Commonwealth's evidence that Peake was wearing a leather coat;

(c) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his counsel failed to subpoena a firearms expert to display and prove that Peake could not have concealed the .44 magnum firearm used in the murder;

(d) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his counsel failed at trial to display the plastic bag in which Peake was alleged to have concealed the firearm;

(e) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his counsel failed to file a discovery motion for the gun shot residue kit used on the victim and the witness who was in the car with Peake at the time of the shooting;

(f) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel because his counsel declined a plea bargain offered by the Commonwealth without informing petitioner of the offer;

(g) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to retrieve criminal records for a witness for the Commonwealth that would have shown a prior conviction for obstruction of justice;

(h) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel on appeal because his counsel waived oral argument on appeal;

(i) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to move for a mistrial after one of the jurors came into contact with the Commonwealth's attorney during a recess in the trial;

(j) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to object and ask for a mistrial when the jury was able to observe Peake wearing leg irons when he walked from the witness stand during the trial;

(k) He was denied his right to procedural due process under the Fourteenth Amendment because the trial court failed to grant Peake's motion to strike the Commonwealth's evidence; and

(l) He was denied his right to procedural due process under the Fourteenth Amendment because the trial court failed to declare a mistrial when the jury was able to observe Peake wearing leg irons when he walked from the witness stand during trial.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Peake's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

### A. Statute of Limitations

The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Peake would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. Allen v. Siebert, 522 U.S. \_\_, 128 S.Ct. 2, 3 (2007). His conviction became final on March 20, 2007, which was ninety (90) days after the December 20, 2006 denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, Peake had until March 20, 2008, to file his federal petition for a writ of habeas corpus. Peake did not execute the instant federal petition until December 18, 2008, which was approximately 273 days beyond the applicable limitation period.[3]

---

[3] Peake did not file an application for state habeas relief. Thus, the statute of limitations was not tolled. See 28 U.S.C. § 2244(d)(2) (tolling the running of the limitation period while a properly filed application for state post-conviction or other collateral proceedings remains pending).

### B. Equitable Tolling

Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); see also Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

The Virginia Supreme Court denied Peake's petition for appeal in December 2006. Peake did not file his petition for habeas relief until two years later and 273 days after the statute of limitation period had expired. Peake offers no explanation for this delay other than the ineffectiveness of his appellate counsel. Peake does not explain how ineffectiveness of counsel in the state actions constitutes exceptional circumstances that the Court should consider as warranting the application of equitable tolling. There is no analysis by Peake as to why ineffectiveness of counsel caused him to be unable to file his federal habeas petition until December 2008.

6

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Peake's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Peake's claims be DISMISSED WITH PREJUDICE.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
March 10, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James A. DeVita, Esq.
Butler Legal Group, P.L.L.P
818 18th Street, N.W., 10th Floor
Washington, D.C. 20006

Thomas D. Bagwell, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By: _____
Deputy Clerk

March 11, 2009